IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

XIOMAR JAVIER MONTILLA
GRATEROL, A249-206-620,

     Petitioner,

v.                                       Case No. 4:26cv165/TKW/MAL

IMMIGRATION AND CUSTOMS
ENFORCEMENT, et al.,

     Respondents.

_____/

## **ORDER**

Petitioner Xiomar Javier Montilla Graterol's habeas petition under 28 U.S.C. § 2241 was transferred to this Court after it was filed in the Southern District of Florida. Petitioner, a Venezuelan citizen who is detained in the custody of United States Immigration and Customs Enforcement, challenges his current immigration detention. He paid the $5.00 filing fee.

Petitioner's pro se petition[1] was not signed. The Local Rules of this Court require pleadings submitted by a pro se party to include the party's <u>handwritten</u>

---

[1] Although the petition was filed pro se, the accompanying memorandum includes the language "by and through undersigned counsel," ECF No. 1 at 11, and references Petitioner's detention impairing his "ability to consult with counsel." *Id.* at 14. If Petitioner is represented by counsel, his attorney must sign every "pleading, written motion, and other paper." Fed. R. Civ. P. 11(a).

Page 1 of 3

signature. N.D. Fla. Rule 5.1(E). A petition form or any accompanying memorandum that contains factual allegations must be signed and sworn under penalty of perjury. 28 U.S.C. § 2242; Rules 1(b) and 2(c)(5), Rules Governing § 2254 Cases. Therefore, to proceed with this case, Petitioner will be required to file an amended petition.

### Proper Respondent

The proper respondent in a § 2241 petition is only "the person having custody of the person detained." 28 U.S.C. § 2243; *Rumsfeld v.* Padilla, 542 U.S. 426, 434 (2004). When filing his amended petition, Petitioner should name Todd M. Lyons, the Acting Director of Immigrations and Customs Enforcement as Respondent.

### Amended Petition

To proceed with this case, Petitioner must fully complete the Court-approved § 2241 form, providing a brief statement of each ground for relief and the supporting facts in the space provided and answering all questions on the form. The amended petition should be complete in and of itself, and it must not refer to or attempt to incorporate his previous filings. *See* N.D. Fla. Loc. R. 15.1(A). Petitioner may submit attachments, such as a memorandum or exhibits, to the amended petition form.

**Duty to Update Address**

Petitioner must immediately file a notice with the Court in the event of an address change. The failure to do so may result in the dismissal of the case.

Accordingly, it is **ORDERED:**

1. The Clerk shall send Petitioner the form for filing a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241, after writing this case number and the words "Amended Petition" on the form. The form should be sent to Petitioner at both his address of record, and to the address from which the petition was originally mailed (*see* ECF No. 1 at 16): Xiomar Montilla, 303 South Ave, Apt. B, Fort Walton Beach, FL 32547-3724.

2. On or before **May 11, 2026**, Petitioner shall file an amended petition on the proper Court form, as instructed herein.

3. Petitioner's failure to timely respond to this Order or future orders as instructed will result in a recommendation that this case be dismissed for failure to prosecute and failure to comply with an order of the court.

DONE AND ORDERED on April 9, 2026.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge