**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**XIOMAR JAVIER MONTILLA GRATEROL,
A# 249-206-620,**

      **Petitioner,**

**vs.**                                                  **Case No. 4:26cv165-TKW-MAF**

**IMMIGRATION AND CUSTOMS
ENFORCEMENT, THE DEPARTMENT
OF HOMELAND SECURITY, and
THE CALL FIELD OFFICE,**

      **Respondents.**
**_____/**

## REPORT AND RECOMMENDATION

Petitioner, proceeding pro se, initiated two habeas cases pursuant to 28 U.S.C. § 2241.  This case was initiated on March 26, 2026, in the Southern District of Florida.  ECF No. 1.  It was transferred to this Court on April 8, 2026.  ECF Nos. 5-6.

An Order was entered in early April, requiring Petitioner to file an amended petition because his initial petition was not signed as required by Local Rule 5.1(E).  ECF No. 8.  Two mail returns were filed in late April.  ECF No. 12-13.  An Order was entered addressing the mail returns and

clarifying the address which should be used by the Clerk's Office.  ECF No. 14.  Petitioner was provided additional time in which to file an amended petition if he desired to continue this case.  *Id.*  However, Petitioner was reminded that he cannot proceed with two cases at the same time.  *Id.*

At this point, nothing further has been filed in this case.  However, Petitioner did file an amended petition in his second habeas case, which is case number 4:26cv167-TKW-MAF.  A service order has been entered in that case.  Thus, it appears this case should be dismissed for failure to prosecute and because it is duplicative.[1]

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a plaintiff or petitioner "fails to prosecute or" otherwise comply with a court order.  *See* Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v.

---

[1] Petitioner's requests for relief in each habeas case are duplicative, and the same Respondents control the decision of whether to detain or release the Petitioner.

M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).  Here, Petitioner has another case in which to litigate his claim and has taken no action to continue what would be a redundant case.  This case should now be dismissed.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and because it is redundant.

**IN CHAMBERS** at Tallahassee, Florida, on May 27, 2026.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:26cv165-TKW-MAF